IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

JOESTILLES DeMARCO BROOKS,        )
                                  )
                Movant,           )
                                  )
v.                                )          Civil Action No. 3:05-0163
                                  )          (Criminal No. 3:02-0092)
                                  )
UNITED STATES OF AMERICA,         )
                                  )
                Respondent.       )

PROPOSED FINDINGS AND RECOMMENDATION

Pending is Movant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct

Sentence by a Person in Federal Custody filed on February 23, 2005. (Document No. 97.) [1] Movant

has also filed a Memorandum in Support of his Motion. (Document No. 98.) On February 28, 2005,

the Court ordered Respondent to respond to Movant's Motion (Document No. 101.), and

Respondent did so on April 20, 2005 (Document No. 104.) Movant filed a Reply to Respondent's

Response on July 18, 2005. (Document No. 107.) Having conducted a thorough examination of the

record in this matter and the underlying criminal proceedings and considered the decision of the

Fourth Circuit Court of Appeals respecting Movant's appeal, the undersigned has determined that

the record conclusively shows that Movant is entitled to no relief under Section 2255 and

respectfully recommends that this matter be dismissed.

FACTUAL AND PROCEDURAL BACKGROUND

By single count Indictment filed on June 13, 2002, Movant was charged with conspiring

---

[1] Because Movant is acting *pro se*, the documents which he has filed in this case are held to
a less stringent standard than if they were prepared by a lawyer, and therefore they are construed
liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

from at least early 2000 to on or about April 16, 2002, to possess fifty grams of more of cocaine base with the intention of distributing it in violation of 21 U.S.C. § 846. United States v. Brooks, Criminal No. 3:02-0092, Document No. 1. Attorney W. Michael Frazier was appointed to represent Movant. (Id., Document No. 4.) On August 7, 2002, Movant filed a Motion for Bill of Particulars and a Motion to Suppress Evidence Seized at his Home in Detroit. (Id., Document Nos. 11 and 13.) The District Court held a hearing upon Movant's pretrial motions on August 19 and filed an Order on August 20, 2002, denying them. (Id., Document Nos. 19 and 29.) Movant's trial commenced on October 16, and a Jury found Movant guilty of the offense on October 18, 2002. (Id., Document Nos. 58 and 84 - 86 (trial transcript).) The District Court sentenced Movant on January 13, 2003, to a 360 month term of imprisonment and a five year term of supervised release and imposed a $100 special assessment. (Id., Document Nos. 75 and 87 (sentencing transcript).) Movant appealed asserting that (1) the District Court erred in refusing to give an instruction regarding multiple conspiracies to the Jury and (2) the District Court constructively amended the Indictment in violation of Apprendi v. New Jersey by instructing the Jury that it was only necessary that the evidence establish that Movant conspired to possess with the intention of distributing at least fifty grams of cocaine base and not a specific amount. (Id., Document No. 77.) Attorney Thomas J. Gillooly represented Movant on appeal. The Fourth Circuit Court of Appeals affirmed Movant's sentence and conviction. United States v. Brooks, 82 Fed.Appx. 291, 2003 WL 22794497 (C.A.4(W.Va.)). On February 26, 2008, Movant filed a request for retroactive application of the modification of the Sentencing Guidelines with respect to cocaine base pursuant to 18 U.S.C. § 3582(c)(2). (Id., Document No. 109.) By Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2) entered on July 9, 2008, the District Court reduced Movant's sentence from 360 to 270 months. (Id., Document No. 117.)

2

## MOVANT'S CLAIMS AND RESPONDENT'S RESPONSE

In his Motion, Movant asserts as grounds upon which he requests relief under Section 2255 that his trial and appellate attorneys' representation of him was constitutionally ineffective and the District Court committed error as follows:

> 1. [Movant]'s conviction was obtained and/or sentence imposed in violation of the right to effective assistance of counsel.
>
> Supporting Facts: [Movant] identifies the supporting facts in support of this issue as illustrated in the following claims:
>
> A. Counsel failed to provide the defendant with a meaningful comparison between the outcome of a conviction *via* guilty plea and a conviction by trial.
>
> Supporting Facts: Prior to trial defense counsel failed to consult with the [Movant] regarding the type of plea to enter in the present case.

Movant contends that "defense counsel failed to provide [him] with sufficient, accurate and reliable information with which to make an informed choice whether to plead guilty or stand trial." (Document No. 98, p. 2.) Movant states that had he been effectively advised respecting the consequences of pleading guilty and going to trial and chosen to plead guilty, his offense level would not have been increased by two levels for obstruction of justice and he would have qualified for a two or three level reduction for acceptance of responsibility. (Id., pp. 2 - 3.) Thus, Movant claims, he sustained at least a five level increase in his offense level as a consequence of his trial attorney's ineffective assistance. (Id., p. 3.)

> B. The government failed to prove for purpose of sentencing that the type of cocaine involved in the present case was crack.
>
> Supporting Facts: [Movant] incorporates the sentencing transcripts, as being fully stated and developed hereto. [Movant] submits that the government never established that the cocaine hydrochloride was processed by utilizing sodium bicarbonate. The government was required to prove this critical point before seeking application of the heightened penalty which was imposed in this case.

Citing <u>United States v. James</u>, 78 F.3d 851 (3rd Cir. 1996) and <u>United States v. Munoz-Realpe</u>, 21

F.3d 375 (11th Cir. 1994), Movant asserts that the United States did not introduce evidence proving

specifically that the drug which he was accused of conspiring to distribute was crack cocaine which

he contends is a form of cocaine base processed with sodium bicarbonate. (Document No. 98, pp.

3, 4 and 6.) Movant contends therefore that his sentence should have been determined on the basis

of cocaine powder, not crack cocaine. (<u>Id.</u>, p. 4.) Movant further asserts that his attorney was

ineffective in failing to object to his sentencing upon the basis of crack cocaine in view of the United

States' failure to prove that the drug which he was accused of conspiring to distribute was actually

crack cocaine, not cocaine powder. (<u>Id.</u>, p. 6.)

> C.    Defense counsel was ineffective by failing to object to the government's
> failure to meet its burden of proof at trial with respect to the specific
> substance (reportedly crack) cocaine involved in the present case.

> Supporting Facts: [Movant] incorporates the testimony of government's witness
> Mr. Lippert as being fully stated and developed hereto. [Movant] submits that
> said testimony never established that the substance involved in this matter was
> in fact crack cocaine.

Movant contends that while the United States' witness Mr. Lippert testified that the substance which

he  tested was positive for cocaine base, that was not enough to prove that the substance was crack

cocaine. Movant asserts that in order to prove that the substance was crack cocaine, the United

States was required to prove that the substance was the result of the processing of cocaine

hydrochloride and sodium bicarbonate and failed to do so. (Document No. 98, pp. 7 - 8.)

> D.    The District Court erred by imposing a fine upon [Movant].

> Supporting Facts: [Movant] submits that the evidence presented clearly
> establishes that he does not have the ability to pay the fine imposed by the
> Court. In addition, the fine imposed will place an undue burden upon [Movant]'s
> family.

At Movant's sentencing hearing, the District Court stated that "[t]he Court finds this defendant does not have the resources to pay a fine and it's unlikely he'll be able to pay any fine in the future. Therefore , the Court imposes no fine." United States v. Brooks, Criminal No. 3:02-0092 (Document No. 87, p. 46.) Movant mistakenly believes that the District Court imposed a fine.

> E.    Counsel was ineffective by failing to appeal the contested Sentencing Guideline issues on direct appeal.
>
> Supporting Facts: [Movant] incorporates the sentencing transcripts as being fully stated and developed hereto. [Movant] submits that the application of the obstruction of justice, role in the offense, relevant conduct and the specific offense characteristics were incorrectly applied in the present case. As such, said issues should have been appealed.

In his Brief in Support, Movant states that "[c]ounsel's failure to adjudicate the sentencing enhancement issues on direct appeal was inexcusable." He requests the issuance of a Certificate of Appealability so that he can present these issues. (Document No. 98, pp. 9 - 10.)

> F.    The [Movant]'s constitutional rights were violated when an element of the offense was subjected to two different standards of proof, resulting in an increase of his sentence over the sentence authorized by the jury.
>
> Supporting Facts: [Movant] submits that the relevant conduct and other related enhancements imposed under the U.S.S.G. are unconstitutional based upon the fact that the jury was not permitted to make the required determination. [Movant] incorporates the jury instructions and findings made in the present case as being fully stated and developed hereto.

Citing the United States Supreme Court's decisions in Apprendi v. New Jersey, 530 U.S. 466, 490, 120 S.Ct. 2348, 2362-63, 147 L.Ed.2d 435 (2000), and Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), Movant asserts that drug quantity is an element of his charged offense to be determined by the Jury beyond a reasonable doubt. Movant contends that because the Jury did not consider drug quantity, the Court lacked jurisdiction to convict him or impose sentence. (Document No. 98, pp. 10 - 12.)

5

     G.    Defense counsel was ineffective by failing to request a buyer/seller jury instruction.

     Supporting Facts: [Movant] submits based upon the testimony offered by the government's witnesses that a buyer/seller jury instruction should have been given. [Movant] incorporates by reference the jury instructions given in the present case as being fully stated and developed hereto. The record clearly shows that no such instruction was given or requested.

Movant asserts that evidence of a buyer/seller relationship respecting drugs does not suffice as proof of a conspiratorial relationship between the buyer and the seller. Movant contends that because his trial attorney did not request a buyer/seller jury instruction and the District Court did not give one, he was denied a fair trial. (Document No. 98, pp. 12 - 13.)

     H.    Defense counsel was ineffective by failing to request a cautionary instruction related to the testimony of an informant and/or accomplice.

     Supporting Facts: The government obtained the conviction in the present case by utilizing the testimony of informants. In relevant part, said informants are identified as David Gue, Ebony Sturkey and William Craft. The record reflects that the jury was not cautioned regarding the aforementioned individuals. This error was compounded by the introduction into evidence of said informants' plea agreements.

Movant contends that his trial attorney should have requested, and the District Court should have given, an instruction informing the Jury that his alleged coconspirators testified in his case based upon deals which they had made with the United States and their testimony should therefore "be viewed with caution and weighed with great care." (Document No. 98, pp. 13 - 14.)

     I.    Defense counsel failed to conduct any pretrial discovery in the present case.

     Supporting Facts: This issue involves facts that rest outside the current record. However, [Movant] submits that defense counsel failed to conduct any pretrial discovery in the present case. Although the government provided some discovery material, counsel failed to review it. Furthermore, counsel failed to conduct any pretrial investigation into the Defendant's witnesses, the government's witnesses and /or the type of substance involved in this case.

Movant contends that his trial attorney failed (1) to locate several defense witnesses, (2) to obtain documents proving that Movant could not have engaged in drug transaction during the time of the alleged conspiracy as he was employed then, (3) to interview witnesses prior to trial and (4) to examine information which the United States provided through discovery. (Document No. 98, pp. 14 - 15.)

> J.      Defense counsel was ineffective by failing to call several defense witnesses in the present case.
>
> Supporting Facts: [Movant] provided counsel with a list of defense witnesses in the present case. Counsel failed to call and/or investigate said witnesses. This issue involves matters that took place outside the record and therefore requires an evidentiary hearing.

In his Brief in Support, Movant asserts that he was entitled to present a defense at trial by introducing the testimony of witnesses and his trial attorney failed to do so. (Document No. 98, pp. 15 - 16.)

> K.      Defense counsel was ineffective by failing to appeal the District Court's denial of the pretrial motion in the present case.
>
> Supporting Facts: Counsel submitted, in relevant part, a Motion for Bill of Particulars and a Motion to Suppress. The District Court denied said Motions. Counsel should have sought review of the District Court's ruling on direct appeal. [Movant] submits that the District Court erred by denying said Motions.

In his Brief in Support, Movant contends that the Indictment did not specify drug quantities and indicates that his Motion for Bill of Particulars was improperly denied. Movant also indicates that his Motion to Suppress a search of his home had merit. Movant asserts therefore that his appellate attorney was ineffective in failing to appeal the District Court's denial of these Motions. (Document No. 98, pp. 16 - 17.)

> L.      [Movant]'s claims in the within Motion are not subjected to any procedural bars.

Supporting facts: This is a legal issue. [Movant] relies on the claim of ineffective assistance of counsel as presented in the Brief in Support in support of this issue.

Movant asserts that he was prejudiced by the ineffective assistance of his trial attorney insofar as he did not advise Movant respecting the consequences of pleading guilty and going to trial and led Movant to believe that he would call several defense witnesses to testify at trial and did not and led Movant to believe that he was entitled to an instruction respecting multiple conspiracies when he was not. Movant claims that because of the ineffective assistance of his attorneys, he is not barred from raising these issues under Section 2255 though he did not raise them on direct appeal. (Document No. 98, pp. 17 - 18.)[2]

     M.     A cumulative error analysis should be used in the present case.

     Supporting Facts: [Movant] submits that the overall errors made by counsel deprived the Petitioner of a fair trial and appeal.[3]

In its Response (Document No. 104.)[4], Respondent asserts that Movant has not shown that his trial and appellate attorneys were ineffective in representing him. (Id., p. 3.) Respecting

_____

[2] Claims of ineffective assistance of counsel are generally not cognizable on direct appeal unless the record conclusively establishes ineffective assistance of counsel. Such claims are more properly raised in Section 2255 proceedings and not on direct appeal. *United States v. Richardson*, 195 F.3d 192, 198 (4th Cir. 1999), *cert. denied*, 528 U.S. 1096, 120 S. Ct. 837, 145 L.Ed.2d 704 (2000); *United States v. King*, 119 F.3d 290, 295 (4th Cir. 1997); *United States v. Hoyle*, 33 F.3d 415, 418 (4th Cir. 1994). Movant's claims of ineffective assistance of counsel are therefore not procedurally barred by his failure to raise them on direct appeal.

[3] Under the cumulative error analysis, the individual claims of error must first be reviewed on the merits to determine if they are in fact actual errors. *See United States v. Basham*, 561 F.3d 302, 330 (4th Cir. 2009); *Fisher v. Angelone*, 163 F.3d 835 (4th Cir. 1998); *United States v. Russell*, 34 Fed.Appx. 927 (4th Cir. 2002) (unpublished). As discussed below, the undersigned has determined that Movant's ineffective assistance of counsel claims are without merit and, therefore, do not constitute error. Accordingly, the undersigned finds that there is no error to cumulate in this case.

[4] Respondent attached a copy of the Brief which it filed in Movant's direct appeal proceeding and the transcript of Movant's sentencing proceeding to its Response.

Movant's claim that his trial attorney failed to investigate the charges against him, to obtain documents indicating that he was employed during the time of the alleged conspiracy and to call witnesses in his defense, Respondent contends that Movant has not indicated specifically what his trial attorney would have learned through an investigation, who would have testified in his defense and how the information an investigation would have disclosed and the witness' testimony would have benefitted his defense. (Id., p. 5.) Respecting Movant's claim that his trial attorney failed to inform him of the consequences of pleading guilty and going to trial, Respondent argues that Movant "is simply unhappy with the consequences of his conviction as well as the sentencing enhancement imposed for obstruction of justice based upon his own perjurious testimony at trial." Respondent further asserts that Movant repeatedly proclaimed that he was innocent and the witnesses against him were lying and could not have stated a factual basis for a plea. (Id., pp. 5 - 6.) Respecting Movant's claim that his trial attorney failed to object on the basis of the difference between cocaine base and crack cocaine, Respondent asserts that Movant relies upon decisions of two Courts of Appeals (James and Munoz-Realpe) which have been rejected in the Fourth Circuit and witnesses at trial "interchanged the terms 'crack' and 'cocaine base' when discussing the drug conspiracy." (Id., pp. 6 - 7.) Respecting Movant's claim that his trial attorney failed to request a buyer/seller relationship jury instruction and an instruction urging caution in considering of the testimony of informants and Movant's accomplices, Respondent asserts that (1) testimony of witnesses at trial indicated that Movant and others were involved in a drug conspiracy, not buyer/seller relationships, and a buyer/seller relationship instruction was therefore not supported by the record and (2) the testimony of informants and Movant's accomplices was subject to cross examination and the Jury could assess their credibility without a cautionary instruction. (Id., pp. 7 - 8.) Respecting Movant's claims that his appellate attorney failed to appeal the District Court's denial

9

of his Motion for Bill of Particulars and Motion to Suppress and rulings during Movant's sentencing, Respondent asserts that Movant's appellate attorney "chose to focus the court's review on issues that would have provided maximum benefit to defendant. Electing to forego appellate challenges to pretrial rulings and sentencing calculations which would have been reviewed with great deference was sound appellate strategy." (Id., p. 9.) Respondent further asserts that Movant has not shown that the District Court committed error in his trial or sentencing. (Id., p. 10.) Respecting Movant's claim that the District Court erred under Apprendi and Blakely by failing to recognize drug quantity as an element of the charged offense and his trial attorney was ineffective in failing to object to it, Respondent asserts that (1) Movant's trial and sentencing occurred prior to the decision of the United States Supreme Court in United States v. Booker, 543 U.S. 220, 125 S. Ct. 738, 160 L.Ed.2d 621 (2005), and Booker has not been applied retroactively and (2) Movant's trial attorney was not ineffective in failing to object prior to Booker. (Id., pp. 10 - 11.) Finally, respecting Movant's claim that the District Court improperly assessed a fine in sentencing him, Respondent states that the District Court did not do so and Movant's claim is without merit. (Id., p. 12.)

In his Reply (Document No. 107.), Movant contends that Respondent failed to address his Apprendi/Blakely claim. (Id., pp. 1 - 5.) Reading Movant's Reply together with his Section 2255 Motion and Brief in Support in this regard, it appears that Movant is claiming that (1) the Indictment was defective in failing to include allegations respecting the quantity of drugs involved in the charged conspiracy, (2) the District Court erred in failing to present the drug quantity issue to the Jury for finding beyond a reasonable doubt (3) the District Court erred further in sentencing him without doing so and on the basis of its own determination of the drug quantity under a lesser standard and (4) his trial attorney was ineffective in failing to object and challenge the proceedings in all of these regards. Movant further contends that (1) Respondent did not cite any authority in

10

support of its position respecting his claim that his attorney failed to inform him respecting the consequences of pleading guilty and going to trial (Id., p. 5.), (2) Respondent only established that the Circuit Courts are split respecting whether there is a difference between cocaine base and crack cocaine (Id., pp. 5. - 6.), (3) Respondent did not address his claim that Movant's appellate attorney failed to challenge the District Court's rulings respecting relevant conduct and offense level enhancements for obstruction of justice and role in the offense in view of Apprendi and Blakely (Id., pp. 6 - 7.), (4) Respondent did not adequately respond to his claim that his trial attorney was ineffective in failing to notify Movant that he could subpoena witnesses at Respondent's expense to testify in his defense (Id., pp. 7 - 8.), (5) Respondent cited no authority for its position respect Movant's claim that his attorney was ineffective in failing to request a buyer/seller relationship jury instruction when the evidence at trial supported it (Id., pp. 8 - 9.), and (6) authority supports Movant's claim that his trial attorney should have requested and the District Court should have given a cautionary instruction respecting the testimony of informants and accomplices (Id., p. 9.).

## DISCUSSION

The relevant portion of Section 2255 provides as follows:

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Claims based on other than constitutional or jurisdictional grounds must present exceptional circumstances that justify permitting a collateral attack in order to be cognizable under Section 2255. Stated another way, the alleged error must amount to "a fundamental defect which inherently results in a complete miscarriage of justice" or "an omission inconsistent with the rudimentary demands

of fair procedure." Hill v. United States, 368 U.S. 424, 428, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962). Section 2255 is not a substitute for direct appeal. United States v. Frady, 456 U.S. 152, 165, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982). Accordingly, errors warranting a reversal on direct appeal will not necessarily support a collateral attack. Knight v. United States, 37 F.3d 769, 772 (1st Cir.1994). See United States v. Addonizio, 442 U.S. 178, 184, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979). Failure to raise an issue presented in sentencing on direct appeal which is non-constitutional in nature amounts to a waiver of the right to contest the issue in Section 2255 proceedings. See United States v. Emanuel, 869 F.2d 795 (4th Cir. 1989).

With respect to issues which are constitutional in nature, absent a showing of good cause for and prejudice from failing to appeal as may be shown by a defendant in criminal proceedings, Section 2255 is no substitute, and the failure precludes Section 2255 review. Theodorou v. United States, 887 F.2d 1336, 1339-40 (7th Cir. 1989)("[A]bsent a showing of cause and prejudice, a defendant is barred from raising any constitutional challenge in a section 2255 proceeding which could have been raised on direct appeal."); United States v. Essig, 10 F.3d 968, 979 (3d Cir. 1993); See also United States v. Maybeck, 23 F.3d 888, 891 (4th Cir. 1994), cert. denied, 517 U.S. 1161, 116 S.Ct. 1555, 134 L.Ed.2d 657 (1996). The standard is conjunctive. As a general matter, therefore, movants must show good cause for and prejudice from their failure to raise any constitutional issues advanced under Section 2255 on direct appeal. See Theodorou, supra, 887 F.2d at 1340. Constitutional claims of ineffective assistance of counsel are the exception. They are more properly raised in Section 2255 proceedings and not on direct appeal. United States v. Richardson, 195 F.3d 192 (4th Cir. 1999), cert. denied, 528 U.S. 1096, 120 S. Ct. 837, 145 L.Ed.2d 704 (2000).

Indigent criminal defendants have the constitutional right to effective assistance of counsel through a direct appeal. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967)

12

When a movant claims ineffective assistance of counsel as a basis for seeking relief under Section 2255, the burden is on the movant to prove that his trial attorney failed to render effective assistance. Strickland v. Washington, 466 U.S. 668, 689, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674 (1984). In Strickland, the Court adopted a two-pronged test for determining whether a defendant received adequate assistance of counsel. Id. The first prong is competence. The movant must show that the representation fell below an objective standard of reasonableness. Strickland, 466 U.S. at 687 - 691, 104 S.Ct. at 2064 - 2066. There is a strong presumption that the conduct of counsel was in the wide range of what is considered reasonable professional assistance, and a reviewing Court must be highly deferential in scrutinizing the performance of counsel. Strickland, 466 U.S. at 688-89, 104 S.Ct. at 2065 - 2066.

> A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. . .. [C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.

Strickland, 460 U.S. at 690, 104 S.Ct. at 2066. The Court will not second-guess an attorney's tactical decisions unless they appear unreasonable in view of all of the circumstances. Goodson v. United States, 564 F.2d 1071, 1072 (4th Cir. 1977). The second prong is prejudice. The movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694, 104 S.Ct. at 2068; Hill v. Lockhart, 474 U.S. 52, 59, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985). An attorney's mere mistake, ignorance or inadvertence does not suffice for proof of ineffective assistance. Murray v. Carrier, 477 U.S. 478, 106 S. Ct. 2639, 2645-46, 91 L.Ed.2d 397 (1986)("So long as a defendant is represented

by counsel whose performance is not constitutionally ineffective under the standard established in Strickland v. Washington, . . . we discern no inequity in requiring him to bear the risk of attorney error that results in a procedural default.") The movant must therefore show (1) that his attorney's performance was constitutionally inadequate, i.e., that he committed errors so serious that his performance "fell below an objective standard of reasonableness" and (2) that his attorney's performance prejudiced him such that it rendered the proceeding fundamentally unfair or made the result unreliable. Strickland, 466 U.S.  at 687 - 88, 104 S.Ct. at 2064 - 2065; Fitzgerald v. Thompson, 943 F.2d. 463 (4th Cir. 1991), cert. denied, 502 U.S. 1112, 112 S. Ct. 1219, 117 L.Ed.2d 456 (1992).

**A.      Movant's Claims of Ineffective Assistance of Counsel.**

   **1.      Failure to Advise Movant Respecting the Consequences of Pleading Guilty and Going to Trial.**

The Strickland standard applies when a Movant contends that, were it not for his trial attorney's ineffectiveness, he would have entered a plea and not proceeded to trial. Hill v. Lockhart, 474, U.S. 52, 58 - 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985); United States v. Merritt, 103 Fed.Appx. 303, 307 (4th Cir. 2004). Thus, a movant must demonstrate that his trial attorney's performance was deficient and, were it not for his deficient performance, the movant would have entered a plea and not proceeded to trial. A movant's assertions of his innocence during proceedings in the trial Court support the conclusion that he would not have pled guilty. Humphress v. United States, 398 F.3d 855, 859 (6th Cir. 2005), cert. denied, 546 U.S. 885, 126 S.Ct. 199, 163 L.Ed.2d 190 (2005)(finding that defendant's continued assertion of innocence supported the conclusion that he would not have entered into a plea agreement). With the benefit of hindsight and the knowledge of the jury verdict, Movant now contends that his trial attorney did not advise him of the consequences of pleading

guilty and going to trial insinuating that he might have entered a plea rather than proceeding to trial. Assuming that Movant's trial attorney did not advise him of the consequences of pleading guilty and going to trial and his representation was deficient as Movant claims, Movant would not likely have entered a plea. Movant professed his innocence throughout the criminal proceedings. United States v. Brooks, Criminal No. 3:02-0092, Document No. 85 (trial transcript), p. 290 ("I didn't do the crime that the Government [is] alleging me to be doing.") and p. 391 (Movant denies being a drug dealer and selling drugs to witnesses who testified that he had.) and Document No. 104 (sentencing transcript), p. 42 ("I feel that I'm not guilty and I know that I'm not guilty . . . .") and p. 44 ("I'm not guilty.") Thus, there is no indication that Movant would have entered a plea but for his trial attorney's alleged deficient performance. Accordingly, Movant's claim of ineffective assistance of counsel on the above ground is without merit.

### 2.     Failure to Object at Trial and Sentencing Based upon the Difference Between Cocaine Base and Crack Cocaine.

There is no distinction between cocaine base and crack cocaine in this Circuit. See United States v. Fisher, 58 F.3d 96, 99 (4th Cir. 1999); United States v. Counts, 173 F.3d 852, 1999 WL 1449949 (C.A.4 (N.C.)) at fn. 2 ("[C]rack cocaine and cocaine base are synonymous."); United States v. Ramos, 462 F.3d 329, 334 at fn. 2 (4th Cir. 2006.)("Subsequent to Fisher, we have treated cocaine base and crack interchangeably."); McShan v. United States, 2006 WL 3192532 at *5 (S.D.W.Va..)(District Judge Chambers)(Stating that "[A]lthough other circuits may find there is an issue as to whether cocaine base and cocaine are the same substance, this Circuit does not debate such an issue."citing Fisher and Ramos.).

At Movant's trial, Mr. David Gue testified that he purchased one ounce of crack cocaine from Movant. United States v. Brooks, Criminal No. 3:02-0092, Document No. 84, p. 145. Ms.

Ebony Sturkey testified that she saw Movant front her boyfriend, Mr. Charles King, crack cocaine a few times. (Id., pp. 169 and 171.) Mr. Randall Eplion testified that he bought crack cocaine from Movant a number of times over a four month period of time. (Id., p. 188.) Mr. Thomas Craft testified that he purchased crack cocaine from Movant over a period of time in 2000. (Id., pp. 213 - 215.) ATF Special Agent Scott Toth testified respecting the search of Movant's home in Detroit, Michigan, in February, 2001, and seizure of over 14 grams of cocaine base. (Id., p. 250.) Mr. Dennis Lippert, Laboratory Director of the Michigan State Police Crime Lab, testified as an expert in the field of chemistry and substance analysis that he determined through laboratory testing that 14.56 grams of a substance introduced in evidence was cocaine base.(Id., Document No. 85, pp. 298 - 301.). The evidence at trial clearly implicated Movant in the distribution of crack cocaine, and there was no legal basis for objecting to it. Movant's claim that his trial attorney was ineffective in failing to object to it is therefore without merit.

### 3.   Failure to Request Jury Instructions.

.   #### a.   Buyer/Seller Instruction.

A defendant is entitled to an instruction explaining his defense theory if the evidence at trial supports the instruction and the instruction correctly states the law. A buyer/seller instruction informs the Jury that proof of a buyer-seller relationship, without more, is insufficient to prove that a person is a member of a drug conspiracy. In United States v. Reid, 523 F.3d 310, 317 (4th Cir. 2008), cert. denied, ___ U.S. ___, 129 S.Ct. 663, 172 L.Ed.2d 637 (2008), the Fourth Circuit stated that "[e]vidence of a 'buy-sell transaction . . . coupled with a substantial quantity of drugs, would support a reasonable inference that the parties were coconspirators.'United States v. Mills, 995 F.2d 480, 485 fn. 1 (4th Cir. 1993). Likewise, evidence of continuing relationships and repeated transactions can support the finding that there was a conspiracy, especially when coupled with

substantial quantities of drugs." Thus, a buyer/seller instruction should not be given when there is evidence of multiple drug transactions and distributable quantities of drugs as there was in Movant's case. Several witnesses testified at Movant's trial that Movant sold them quantities of crack cocaine which they in turn used and sold. Movant was the seller, not the buyer. Clearly, this evidence did not support a buyer/seller instruction. Additionally, Movant testified that he was not a drug dealer and he did not sell drugs to the witnesses who testified that he did. Clearly, a buyer/seller instruction would have been inconsistent with Movant's testimony. Under these circumstances, even if Movant's trial attorney had requested a buyer/seller instruction, the District Court would have properly refused to give it. It therefore cannot be said that Movant's trial attorney was ineffective in not requesting it.

### b.    Cautionary Instruction Respecting the Testimony of Informants/Accomplices.

An informant/accomplice instruction is appropriate when the testifying informant/accomplice receives some benefit such as monetary compensation or immunity in exchange for his testimony. See United States v. Brooks, 928 F.2d 1403, 1409 (4th Cir. 1990)("No decision we have located has held that every witness who voluntarily testifies to relevant evidence is to be treated as an 'informer' whose testimony must be the subject of a cautionary instruction. Under the authorities, an informer cautionary instruction is only appropriate when 'the individual supplying the information generally is either paid for his services or, having been a participant in the unlawful transaction, is granted immunity in exchange for his testimony.'" quoting United States v. Miller, 499 F.2d 736, 742 (10th Cir. 1974). Additionally, an informant/accomplice instruction is appropriate when the United States' prosecution rests upon the uncorroborated testimony of an informant/accomplice. See United States v. Luck, 611 F.3d 183, 187 (4th Cir 2010)(a paid informant case in which the Court stated that "[A]n

17

informant instruction is necessary when the informant's testimony is uncorroborated by other evidence."). Absent these circumstances, the District Court may in its discretion decide to give a cautionary instruction respecting informant/accomplice testimony or not.

None of the witnesses who testified in Movant's trial were paid informants or recipients of immunity against prosecution, and the United States' case did not rest upon uncorroborated testimony as the testimony of each of them was corroborated by the testimony of the others. A cautionary instruction respecting their testimony was therefore not required, and it was within the discretion of the District Court whether or not to give one. Movant's trial attorney astutely addressed the issue throughout Movant's trial. Movant's trial attorney discussed the credibility of informant/accomplice witnesses in his opening statement. United States v. Brooks, Criminal No. 3:02-0092, Document No. 84, pp. 132 - 133, 134 ("They'd do anything to get out of jail.") Mr. Gue, Ms. Sturkey, Mr. Eplion and Mr. Craft testified at Movant's trial that they had entered plea agreements and pled guilty to drug charges and were serving sentences. Movant's trial attorney cross examined each of them respecting what, if any, benefit they were expecting from testifying. None of them indicated that they were promised any benefit in exchange for testifying though they acknowledged that they would be grateful if they received one. The District Court gave a general instruction respecting witness credibility. (Id., Document No. 85, p. 409 ("Now carefully consider each witness's testimony whether it's worthy of belief. Feel free to consider each witness's ability to observe the matters testified about, each witness's demeanor, state of mind, motive and intelligence, the effect of the verdict on each witness and whether the testimony of each witness is consistent or inconsistent with other evidence.")). In closing argument, Movant's trial attorney challenged their credibility. (Id., pp. 429 - 435 and 441 ("Now, all of these witnesses have a powerful motive to lie. Keep it in mind that when the government calls these witnesses, they take

the stand. When I call these witnesses, they take the Fifth.")).  The undersigned therefore finds no basis for concluding that Movant's trial attorney's representation was constitutionally deficient because he did not request a cautionary instruction respecting informant/accomplice credibility as Movant claims.

> **4.    Failure to Conduct Discovery and an Investigation, Locate Witnesses and Obtain Documents in Support of Movant's Defense and Call Defense Witnesses.**

As a general matter, counsel for a defendant in criminal proceedings has a duty to investigate the circumstances underlying the charges against the defendant and to advise the defendant of possible defenses on the basis of obtained information so that the defendant can make informed decisions. Savino v. Murray, 82 F.3d 593, 599 (4th Cir. 1996), cert. denied, 518 U.S. 1036, 117 S.Ct. 1, 135 L.Ed.2d 1098 (1996). Considering Mr. Savino's claim that his plea of guilty was not knowing and voluntary and allegations that his trial counsel's representation was defective, the Court stated in view of the Strickland standard and citing Hill v. Lockhart, 474 U.S. 52, 59, 106 S.Ct. 366 370 - 371, 88 L.Ed. 2d 203 (1985), that "if there exists no reasonable probability that a possible defense would have succeeded at trial, the alleged error of failing to disclose or pursue it cannot be prejudicial."

First, Movant's assertions that his trial attorney was ineffective in failing to conduct discovery and an investigation, locate witnesses and documents in support of his defense are conclusory. Movant does not indicate what information an investigation would have revealed and what witnesses and documents other than his employment records would have been located and how they would have made a difference in the District Court proceedings. Movant therefore fails to meet the Strickland two prong standard. Second, contrary to Movant's assertions, the record indicates that Movant's trial attorney requested Subpoenas for documents and witnesses, and the District Court

19

granted his requests. <u>United States v. Brooks</u>, Criminal No. 3:02-0092, Document Nos. 26, 28, 30, 40, 46 and 47. Movant's trial attorney clearly attempted to obtain information in support of Movant's defense independently of the information which the United States disclosed in the ordinary course of discovery. As Movant's trial attorney attempted to call the subpoenaed persons to testify at trial, some of them refused to testify on Fifth Amendment grounds. Movant's trial attorney introduced testimony of Movant's wife, Huntington Detective Paul Hunter and Movant. It is further clear from the record of the trial that Movant's trial attorney had a working knowledge of all of the information which the United States disclosed in discovery as he utilized it in cross examining the United States' witnesses in furtherance of Movant's defense that he did not have any dealings in crack cocaine with any of them but rather was in Huntington for the purpose of shooting dice. Throughout the proceedings in the District Court, Movant's trial attorney worked diligently in the development and presentation of his defense and cannot be said to have been ineffective in representing him.

5. **Failure to Object at Trial and Sentencing to the District Court's Failure to Include Drug Quantity as an Element of the Offense.**[5]

In <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 490, 120 S.Ct. 2348, 2362-63, 147 L.Ed.2d 435 (2000), the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." <u>Apprendi</u>, 530 U.S. at 490, 120 S.Ct. at 2362 - 63. In <u>Blakely v.</u>

---

[5] Citing *Apprendi* and *Blakely*, Movant asserts that his constitutional rights were violated and does not charge specifically that his trial attorney was ineffective in failing to object to it. Taken as they are stated, Movant would be barred from consideration of the issue unless he has shown good cause why he did not raise the issue on appeal and resulting prejudice. Reading Movant's documents liberally, however, as the Court must, the undersigned assumes that Movant intended to charge that his trial attorney was ineffective in failing to object to his prosecution on the basis of *Apprendi* and *Blakely*.

Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), the Supreme Court reaffirmed the Court's holding in Apprendi and invalidated Washington's sentencing scheme because it required the judge to impose a sentence based on facts neither admitted by the defendant nor reflected in the jury verdict, in violation of the Sixth Amendment. Blakely, 542 U.S. at 303, 124 S.Ct. at 2537. In United States v. Booker, 543 U.S. 220, 125 S. Ct. 738, 160 L.Ed.2d 621 (2005), the Supreme Court applied the holding in Blakely to the Federal Sentencing Guidelines, and held: "Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." Booker, 543 U.S. at 244, 125 S. Ct. at 756. In Blakely, the Court defined the phrase "statutory maximum" for Apprendi purposes as "the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant*." Blakely, 542 U.S. at 303, 124 S.Ct. at 2537 (emphasis in original). 21 U.S.C. § 841(b)(1)(A), (B) and (C) specify minimum and maximum sentences based upon threshold drug quantities. After Apprendi, it is necessary to charge the applicable threshold drug quantity and submit it to the Jury for determination beyond a reasonable doubt. See United States v. Brooks, 524 F.3d 549, 558 (4th Cir. 2008)("Applying Apprendi to § 841(b), we determined in 2001, in [United States v.] Promise, [255 F.3d 150 (4th Cir. 2001)] that a jury, rather than a trial court, must determine the threshold drug quantity used to establish a defendant's statutory sentencing range under § 841(b).")

It is clear that the United States charged the applicable threshold drug quantity and the District Court submitted it to the Jury for finding beyond a reasonable doubt. Movant was charged with conspiring to possess fifty grams or more of cocaine base with the intention to distribute it in violation of 21 U.S.C. § 846. United States v. Brooks, Criminal No. 3:02-0092, Document No. 1. On October 18, 2002, Movant was convicted of the charge with the Jury finding Movant guilty "[a]s to

the charge of conspiring to knowingly and intentionally distribute more than 50 grams of cocaine base ('crack'), a schedule II controlled substance, as contained in the indictment . . .." United States v. Brooks, Criminal No. 3:02-0092, Document No. 58. 21 U.S.C. § 841(b)(1)(A)(iii) required that Movant "shall be sentenced to a term of imprisonment which may not be less than ten years or more than life . . .." Movant's 360 month sentence, therefore, did not exceed the statutory maximum authorized by his conviction (life). See United States v. Hughes, 401 F.3d 540, 553 (4th Cir. 2005)(stating that the maximum sentence authorized by a jury verdict "is, of course, the maximum set forth in the statute of conviction"); United States v. Green, 163 Fed.Appx. 221, 223 (4th Cir. 2006)(finding that Booker held only that uncharged facts cannot be used to support a sentence exceeding the statutory maximum, not that a sentencing judge may not use uncharged facts to enhance the defendant's sentence within the statutory range). Under these circumstances, Movant's trial attorney cannot be said to have been ineffective in failing to object at trial to the District Court's failure to make drug quantity an element of the offense or to Movant's sentence within the statutory framework.

   6.   **Failure to Appeal.**

   When no merit is found in a claim of ineffective assistance of trial counsel, appellate counsel cannot be found ineffective for failing to raise those same meritless issues on appeal. United States v. Cook, 45 F.3d 388, 392 (10th Cir. 1995)("When defendant alleges his appellate counsel rendered ineffective assistance by failing to raise an issue on appeal, we examine the merits of the omitted issue. * * * If the omitted issue is without merit, counsel's failure to raise it does not constitute constitutionally ineffective assistance of counsel."(Citation and quotation marks omitted.)) Furthermore, counsel is not required to raise on appeal every non-frivolous issue requested by a defendant. Jones v. Barnes, 463 U.S. 745, 751, 103 S.Ct. 3308, 3312, 77 L.Ed.2d 987 (1983)(stating

that no decision "of this Court suggests...that the indigent defendant has a constitutional right to compel appointed counsel to press nonfrivolous points requested by the client, if counsel, as a matter of professional judgment, decides not to present those points."). The "[w]innowing out weaker arguments on appeal and focusing on those more likely to prevail, far from evidence of incompetence, is the hallmark of effective appellate advocacy." Smith v. South Carolina, 882 F.2d 895, 899 (4th Cir. 1989)(quoting Smith v. Murray, 477 U.S. 527, 536, 106, S.Ct. 2661, 2667, 91 L.Ed.2d 434 (1986).

<p style="text-align:center"><strong>(a)    The District Court's Rulings Respecting Relevant Conduct and Sentencing Enhancements (Obstruction of Justice and Role in the Offense).</strong></p>

Claims of errors under the Sentencing Guidelines are generally not cognizable under Section 2255. The Fourth Circuit has explained as follows:

> [B]arring extraordinary circumstances . . . an error in the application of the Sentencing Guidelines cannot be raised in a § 2255 proceeding. Section 2255 provides relief for cases in which 'the sentence was in excess of the maximum authorized by law.' Thus, while § 2255 applies to violations of statutes establishing maximum sentences, it does not usually apply to errors in the application of the Sentencing Guidelines.

United States v. Pregent, 190 F.3d 279, 283 - 84 (4th Cir. 1999). But an attorney's failure "to object to an improper application of the sentencing guidelines may amount to ineffective assistance of counsel." United States v. Breckenridge, 93 F.3d 132, 136 (4th Cir. 1996).

In its Presentence Investigation Report, the Office of Probation calculated Movant's relevant conduct as approximately 1,344.88 grams of cocaine base. United States v. Brooks, Criminal No. 3:02-0092, Document No. 73, ¶ 16. The Office of Probation found that Movant's base offence level was 36. (Id., ¶ 22.) The Office of Probation recommended a two level increase in Movant's offense level for obstruction of justice because Movant testified at trial denying selling crack cocaine to the

witnesses who said he had and the Jury convicted him. (Id., ¶ 19.) The Office of Probation also recommended a four level role-in-the-offense increase in Movant's offense level because the evidence indicated that he sold crack cocaine to persons who then sold it in smaller quantities. (Id., ¶ 25.) Movant objected to the calculation of relevant conduct asserting that it should be 70.56 grams and his base offense level should be 32. He also objected to the Office of Probation's recommendation of the enhancements for obstruction of justice and role in the offense. At sentencing, the District Court sustained Movant's role-in-the-offense objection. (Id., Document No. 87, p. 10.) The District Court denied Movant's objection to the enhancement for obstruction of justice. (Id., pp. 12 - 13.) Considering Movant's objections to the calculation of his relevant conduct, the District Court considered all of the evidence, took a conservative approach and determined that Movant's relevant conduct was 724 grams of cocaine base. (Id., p. 34.)

Having examined the Presentence Investigation Report, Movant's objections to it and the District Court's rulings upon them, the undersigned finds that the District Court committed no error in calculating Movant's relevant conduct and enhancing his offense level for obstruction of justice. Movant's appellate attorney cannot be said to have been ineffective in representing Movant on appeal in failing to raise issues which certainly would have been viewed as without merit on appeal.

**(b)    The District Court's Denial of Movant's Motion for Bill of Particulars.**

On August 12, 2002, Movant filed a Motion for Bill of Particulars. United States v. Brooks, Criminal No. 3:02-0092, Document No. 11. By his Motion, Movant requested that the District Court require the United States to state the specific dates when he was alleged to engage in the charged conspiracy and  with whom and when he did so. The United States filed a Response on August 14, 2002, stating that it had provided the requested information in discovery and would provide a list of its witnesses at a reasonable time prior to trial. (Id., Document No. 15.) The District Court held

a hearing on August 19, 2002, during which the United States' attorney advised that he was operating pursuant to an open file policy. (Transcript of hearing, p. 5.) In view of the United States' open file policy and other representations of the United States' attorney, The District Court found that "the Government has disclosed all that they have and all that they should have to disclose at this point. So I'm denying the motion for a bill of particulars." (Id., p. 8.)The District Court further denied Movant's Motion by Order filed on August 20, 2002. (Id., Document No. 19.)

Federal Rule of Criminal Procedure 7(f) provides that "[t]he court may direct the government to file a bill of particulars. The defendant may move for a bill of particulars before or within 10 days after arraignment or at a later time if the court permits." The Court may direct the United States to file a bill of particulars when an Indictment fails to provide sufficient information to allow a defendant to understand the charges and prepare for trial. A bill of particulars provides factual information in addition to the information contained in the Indictment which elucidates the basis for the charges. "A bill of particulars is not to be used to provide detailed disclosure of the government's evidence in advance of trial." United States v. Automated Medical Laboratories, Inc., 770 F.2d 399, 405 (4th Cir. 1985). It is not necessary to direct the United States to file a bill of particulars when the Indictment amply describes the factual basis for the charges and when the United States has provided information to the defendant indicating the basis for the charges contained in the Indictment and its intentions in the prosecution through an "open file" policy. United States v. Amend, 791 F.2d 1120, 1125 - 1126 (4th Cir. 1986), cert. denied, 479 U.S. 930, 107 S.Ct. 399, 93 L.Ed.2d 353 (1986).

The Indictment contained all of the factual information necessary for Movant to understand the United States' charge against him. Additionally, the United States maintained an open file policy and disclosed all information germane to the charge in discovery allowing Movant to prepare for

trial. The District Court did not err in denying Movant's Motion for Bill of Particulars, and Movant's appellate attorney was not ineffective in failing to appeal the District Court's denial.

      **(c)**      <u>**The District Court's Denial of Movant's Motion to Suppress.**</u>

Movant also filed a Motion to Suppress Evidence Seized at his Home in Detroit on August 12, 2002. <u>United States v. Brooks</u>, Criminal No. 3:02-0092, Document No. 13. Movant stated that his home was searched on February 7, 2001, pursuant to a Search Warrant authorizing a search "for firearms and related items." Movant further stated that the United States seized "numerous items related to firearms" and "other items not relating to firearms" including 14.5 grams of crack cocaine, marijuana and $14,000 in cash. Movant asserted that the Search Warrant was vague in authorizing the search for "related items", contained no restrictions and did not include drugs or money. Movant further asserted that the items seized were not in plain view. Movant contends that the Search Warrant was overly broad and the officers who executed it exceeded its scope. In its Response (<u>Id.</u>, Document No. 15.), the United States asserted that the officers who executed the Search Warrant searched for firearms and related items where they might be hidden and found the other items seized. At the hearing, the United States introduced the Search Warrant and Affidavit of Bureau of Alcohol, Tobacco and Firearms Special Agent Scott Toth in evidence and called Special Agent Toth as a witness at the August 19, 2002, hearing to testify about the places searched in Movant's home and the items seized. (<u>Id.</u>, Document Nos. 17 and 18; Transcript of hearing, pp. 10 - 23.) Having heard the testimony of Special Agent Toth, the District Court stated as follows (Transcript of hearing, pp. 26 - 27.):

> First, . . . the search warrant was adequate in every respect. It was based upon probable cause. The defendant does not really quarrel with the magistrate or judge's issuance of the warrant. The warrant certainly seemed to identify a specific place to be searched and a specific subject of that search, which the officer enumerated in his testimony. Further, the officer has testified that a number of items, including crack,

two different amounts of money, and other items were also seized because they were found in plain view. The incriminating nature of those I believe is readily apparent. Certainly . . . once the officer has discovered the crack and because they're already there justifiably looking for guns or any documents or other matters that would constitute evidence of gun purchases or gun sales, I think they're entitled to seize the documents that . . . the officer testified to . . .. So I think in every respect that this was a valid search and I do not believe there's any basis . . . to suppress any of the items seized.

The District Court further denied Movant's Motion to Suppress by Order filed on August 20, 2002.

(Id., Document No. 19.)

The Fourth Amendment to the United States Constitution reads: "The right of the people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures, shall no be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." An affidavit in support of an application for a Search Warrant "must provide the [judicial officer] with a substantial basis for determining the existence of probable cause . . .." Illinois v. Gates, 462 U.S. 213, 239, 103 S.Ct. 2317, 2332, 76 L.Ed.2d 527 (1983). "[A] mere conclusory statement that gives the [judicial officer] virtually no basis at all for making a judgment regarding probable cause" will not suffice. "Sufficient information must be presented to the [judicial officer] to allow that official to determine probable cause; his actions cannot be a mere ratification of the bare conclusions of others. In order to ensure that such an abdication of the [judicial officer's] duty does not occur, courts must continue to conscientiously review the sufficiency of affidavits on which warrants are issued." Illinois v. Gates, 462 U.S. at 239, 103 S.Ct. at 2333. See also United States v. Leon, 468 U.S. 897, 914 - 915, 104 S.Ct. 3405, 3416 - 3417, 82 L.Ed.2d 677 (1984). "The task of the issuing [judicial officer] is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, . . . there is a fair probability that

27

contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the [judicial officer] had a 'substantial basis for conclud[ing]' that probable cause existed." Illinois v. Gates, 468 U.S. at 238 - 239, 103 S.Ct. at 2332 *quoting* Jones v. United States, 362 U.S. 257, 271, 80 S.Ct. 725, 736, 4 L.Ed.2d 697 (1960). A Court reviewing the sufficiency of a search warrant affidavit must consider the totality of the circumstances to determine whether probable cause supported the issuance of the search warrant. United States v. Wilhelm, 80 F.3d 116, 119 (4ᵗʰ Cir. 1996), citing Illinois v. Gates, 462 U.S. at 238, 103 S.Ct. at 2332. "[P]robable cause is a fluid concept – turning on the assessment of probabilities in particular factual contexts – not readily, or even usefully, reduced to a neat set of legal rules." Illinois v. Gates, 462 U.S. at 232, 103 S.Ct. at 2329. When there is reason to believe that a person is unlawfully dealing in controlled substances, the probability exists that he is keeping evidence of it where he resides. United States v. Grossman, 400 F.3d 212, 217 (4ᵗʰ Cir. 2005)("[O]ur cases indicate that a sufficient nexus can exist between a defendant's criminal conduct and his residence even when the affidavit supporting the warrant 'contains no factual assertions directly linking the items sought to the defendant's residence.'" quoting its decision in United States v. Severance, 394 F.3d 222, 230(4th Cir. 2005); United States v. Williams, 974 F.2d 480, 481 (4ᵗʰ Cir. 1992)(Affidavit in support of issuance of a warrant to search defendant's motel room after traffic stop of defendant's car indicating that defendant had a criminal history involving drug dealing, his car contained drug residue and a concealed knife and he was carrying a receipt for a motel room was sufficient.) "[I]t is reasonable to suspect that a drug dealer stores drugs in a home to which he owns a key." United States v. Grossman, 400 F.3d at 218. "[T]he scope of a lawful search is 'defined by the object of the search and the places in which there is probable cause to believe that it may be found.'" Maryland v. Garrison, 480 U.S. 79. 84, 107 S.Ct. 1013, 94 L.Ed.2d 72 (1987), quoting United States v. Ross, 456

U.S. 798, 824, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982).

The District Court considered the validity of the search warrant and the scope of the search, correctly determined that no basis existed for suppressing evidence seized during the search and properly denied Movant's Motion to suppress. Movant's appellate attorney cannot be said to have been ineffective in failing to appeal the District Court's denial.

**B.      Movant's Claims of District Court Error.**

Movant asserts that the District Court erred in imposing a fine and appears to assert that the District Court erred in not regarding drug quantity an element of the offense and submitting it to the for determination beyond a reasonable doubt and enhancing his sentence nevertheless on the basis of drug quantity as the Court determined it. As noted above, the District Court did not impose a fine in sentencing Movant. Also, the District Court did not err at all in considering the issue of drug quantity during Movant's trial or sentencing hearing, and in any event, Movant waived these issues for Section 2255 consideration as he did not raise them on appeal. Movant's claims of District Court error are therefore without merit.

## PROPOSAL AND RECOMMENDATION

Accordingly, the undersigned hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DENY** Movant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody filed on February 23, 2005 (Document No. 97.) and dismiss this matter.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Robert C. Chambers. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28,

United States Code, and Rule 45(e) of the Federal Rules of Criminal Procedure, the parties shall have seventeen (17) days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. <u>Snyder v. Ridenour</u>, 889 F.2d 1363 (4th Cir. 1989); <u>Thomas v. Arn</u>, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984), <u>cert. denied</u>, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Chambers and this Magistrate Judge.

The Clerk is directed to send a copy of this Proposed Findings and Recommendation to Movant who is acting *pro se* and transmit a copy of this Proposed Findings and Recommendation to counsel of record.

Date: February 15, 2011.

R. Clarke VanDervort
United States Magistrate Judge