IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**JOESTILLES D. BROOKS,**

      **Defendant/Petitioner,**

v.                             **Civil Action No. 3:05-cv-00163**
                                     **(Criminal No. 3:02-cr-00092)**

**UNITED STATES OF AMERICA,**

      **Respondent.**

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending before the Court is Defendant/Petitioner's *pro se* Motion for Reconsideration Pursuant to Rule 60(b)(1) and/or Rule 15(c). (ECF No. 150). This matter is assigned to the Honorable Robert C. Chambers, United States District Judge, and by Order has been referred to the undersigned United States Magistrate Judge to determine if the motion should be construed as an action under 28 U.S.C. § 2255 and for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 151). For the reasons that follow, the undersigned respectfully recommends that Defendant/Petitioner's motion be **DENIED** as a successive § 2255 motion, and that this action be **DISMISSED**, with prejudice, and removed from the docket of the court.

I.    **Relevant Procedural Background**

Defendant/Petitioner Joestilles Demarco Brooks ("Brooks") is currently serving a 217-month term of imprisonment at the Federal Correctional Institution-Milan after

having been found guilty by a jury in October 2002 of conspiracy to distribute fifty grams or more of cocaine base in violation of 21 U.S.C. § 846. On February 23, 2005, Brooks filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, alleging thirteen statutory and constitutional grounds of alleged error. (ECF No. 97). On February 15, 2011, United States Magistrate Judge R. Clark VanDervort submitted Proposed Findings and Recommendations, which addressed each of Brooks's claims and recommended dismissal of the motion. (ECF No. 120). Brooks was notified of his right to file objections to the proposed findings and recommendations and was advised that a failure to object would constitute a waiver of the right to *de novo* review by the presiding District Judge, as well as a waiver of appellate review by the United States Court of Appeals for the Fourth Circuit ("Fourth Circuit"). (*Id.* at 30).

On March 9, 2011, Brooks filed a single objection to the proposed findings and recommendations. He argued that the Magistrate Judge erred by rejecting Ground G of his § 2255 motion, which alleged that trial counsel provided ineffective assistance when he failed to request a "buyer-seller" instruction. (ECF No. 122). On March 18, 2011, the presiding District Judge overruled Brooks's objection, adopted the proposed findings and recommendations in their entirety, and dismissed the § 2255 motion. (ECF No. 123). Brooks appealed the dismissal to the Fourth Circuit. While the appeal was pending, Brooks filed a motion for relief under Federal Rule of Civil Procedure 60(b)(6), claiming that the integrity of the habeas proceedings was compromised by an unreasonable delay in ruling on the § 2255 motion. (ECF No. 131). The District Court denied the Rule 60(b) motion, and Brooks appealed that denial to the Fourth Circuit. (ECF Nos. 132, 133). On September 13, 2011, the Fourth Circuit consolidated the appeals. (ECF No. 139). On November 3, 2011, after conducting an independent review

2

of the record, the Fourth Circuit issued an opinion dismissing both appeals. (ECF No. 140).

## II. Claims in Current Motion

On September 30, 2013, Brooks filed the instant motion under Fed.R.Civ.P. 60(b)(1) and/or Fed.R.Civ.P. 15(c)(2) requesting that the court reconsider its ruling on two grounds asserted in his § 2255 motion; specifically, Ground A and Ground F. (ECF No. 150 at 1). In Ground A, Brooks contended that his trial counsel was ineffective for failing to provide a meaningful comparison between the outcome of a conviction obtained by guilty plea and a conviction reached through a jury trial. (*Id.* at 19). According to Brooks, two recent Supreme Court decisions substantiate the position he asserted in Ground A and thus justify the court's reconsideration. Relying on *Missouri v. Frye*, 132 S.Ct. 1399, 182 L.Ed.2d 379 (2012) and *Lafler v. Cooper*, 132 S.Ct. 1376, 182 L.Ed.2d 398 (2012), Brooks argues that counsel's failure to provide him with appropriate information regarding the consequences of going to trial and to assist him in obtaining a favorable plea agreement unequivocally constitute ineffective assistance of counsel. (*Id.* at 22).

Brooks further contends that the recent holding of the United States Supreme Court in *Alleyne v. United States*, 570 U.S. ___, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013), conclusively establishes that his ineffective assistance of counsel claim raised as Ground F in his habeas motion was meritorious and should have been granted. (ECF No. 150 at 12, 14). In Ground F, Brooks argued that his trial and appellate counsel were ineffective by failing to object when the sentencing court increased his mandatory minimum sentence based upon a drug quantity that was determined by the court using a preponderance of the evidence standard. Brooks asserted that under *Apprendi v. New*

3

*Jersey*, 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), the quantity of drug attributable to him was an element of the crime that should have been established by the jury beyond a reasonable doubt. According to Brooks, *Alleyne* confirms his interpretation of *Apprendi* and thus necessitates the court's correction of its erroneous ruling. (*Id.* at 16-18).

Brooks argues that his motion is proper under Federal Rule of Civil Procedure Rule 60(b)(1) because the court made errors of substantive law when it ruled on Grounds A and F. Brooks contends that a Rule 60(b)(1) motion is the appropriate procedural vehicle for correcting errors of substantive law found in final judgments. (ECF No. 150 at 2). Brooks also asserts without elaboration that, in the alternative, Rule 15(c)(2) allows him "to seek reconsiderations of claims A and F." (*Id.*).

### III. Discussion

As a preliminary matter, the undersigned must examine the nature of the claims asserted by Brooks to verify that they are properly brought under Fed.R.Civ.P. 60(b)(1).[1] *United States v. Winestock,* 340 F.3d 200, 207 (4th Cir. 2003). In *Winestock,* the Fourth Circuit emphasized the importance of performing this initial review given the procedural limitations associated with successive habeas motions. The Circuit Court cautioned that "[i]n order for these limitations to be effective, courts must not allow prisoners to circumvent them by attaching labels other than 'successive application' to their pleadings. *Id.* at 203. (*citing Calderon v. Thompson,* 523 U.S. 538, 553, 118 S.Ct. 1489, 140 L.Ed.2d 728 (1998). Indeed, the subject matter of the motion, not its caption, will determine its treatment. *Gonzalez v. Crosby,* 545 U.S. 524, 531, 125 S.Ct. 2641, 162

---

[1] The undersigned does not find Fed.R.Civ.P. 15(c)(2) to be even remotely applicable to the claims raised by Brooks. Therefore, no further discussion of that rule is necessary.

4

L.Ed.2d 480 (2005) (*citing Calderon,* 523 U.S. at 553).

Also in *Winestock,* the Fourth Circuit addressed how to distinguish a proper Rule 60(b) motion from a successive § 2255 motion, stating:

> There may be no infallible test for making this distinction, but a relatively straightforward guide is that a motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application, while a motion seeking a remedy for some defect in the collateral review process will generally be deemed a proper motion to reconsider. Thus, a brand-new, free-standing allegation of constitutional error in the underlying criminal judgment will virtually always implicate the rules governing successive applications. Similarly, new legal arguments or proffers of additional evidence will usually signify that the prisoner is not seeking relief available under Rule 60(b) but is instead continuing his collateral attack on his conviction or sentence. By contrast, an example of a proper Rule 60(b) claim is an allegation that government agents perpetrated a fraud on the court during the collateral review proceedings.

*Winestock,* 340 F.3d at 207. With this standard in mind, the undersigned considers the claims asserted by Brooks.

Clearly, Brooks's motion is a continuation of the collateral attack on his conviction and sentence. He explicitly asks the court to reconsider its substantive rulings on Grounds A and F of his § 2255 motion based upon new or supplemental legal arguments. Consequently, his motion *must* be construed as a successive motion filed pursuant to § 2255. *Id.* at 206. The law is well-settled that the district court lacks jurisdiction to consider a second or successive § 2255 motion unless it has been certified in advance by a panel of the appropriate circuit court of appeals and contains:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). Brooks does not claim to have received certification from the

5

Fourth Circuit, and the docket contains no evidence of advance certification. Therefore, the undersigned **FINDS** that this Court is precluded from considering the merits of Brooks's motion.

Notwithstanding this finding, the undersigned notes that, ancillary to the request for reconsideration of his § 2255 motion, Brooks complains about one aspect of the underlying habeas proceedings. Brooks argues that the habeas court improperly failed to conduct an evidentiary hearing on Ground A of his motion, and as a result, he was denied the opportunity to present evidence of counsel's ineffective assistance during plea negotiations. (ECF No. 150 at 13). Separating this claim from Brooks's remaining allegations and liberally construing it as an independent motion, the undersigned has considered whether the claim constitutes a genuine Rule 60(b) attack on the integrity of the habeas proceedings, or is simply another disguised § 2255 motion.[2]

While the Fourth Circuit has not expressly addressed the issue of whether a motion under Rule 60(b) is an appropriate avenue for challenging the lack of an evidentiary hearing in a § 2255 proceeding, courts in other jurisdictions have considered this issue.[3] For instance, in *In re Lindsey,* 582 F.3d 1173, 1175 (10th Cir. 2009), the United States Court of Appeals for the Tenth Circuit ("Tenth Circuit") decided that a

---

[2] In *Reid v. Angelone*, 369 F.3d 363, 367 (4th Cir. 2004), the Fourth Circuit held that a Rule 60(b) motion directly attacking a conviction or sentence, which concurrently seeks a remedy for a procedural defect in the underlying collateral review process, must be treated as a successive § 2255 motion. The remedy for such a "mixed" motion is to give the movant "an opportunity to elect between deleting the improper claims or having the entire motion treated as a successive application." *Id.* (*quoting Winestock*, 340 F.3d at 207). The undersigned declines to recommend the remedy in *Reid*, however, because Brooks does not raise a genuine procedural defect that can be remedied through a Rule 60(b) motion.

[3] *Reid* did not address the question of whether a Rule 60(b) motion based upon the failure of a habeas court to conduct an evidentiary hearing amounts to an attack on the integrity of the habeas proceeding, or is more properly seen as a challenge to the substantive determinations of the court. Nonetheless, resolution of that query is immaterial to the outcome in this case for the simple reason that Brooks's claim must fail regardless of whether it is part of a successive § 2255 action or is a true Rule 60(b) motion.

6

motion for reconsideration based on the lack of an evidentiary hearing generally is not a "true" Rule 60(b) motion; instead, it is a successive § 2255 motion. The Tenth Circuit explained that a legitimate Rule 60(b) motion either "(1) challenges a procedural ruling of the habeas court which precluded a merits determination of the habeas application; or (2) challenges a defect in the integrity of the federal habeas proceeding, provided that such a challenge does not itself lead inextricably to a merits-based attack on the disposition of a prior habeas petition." *Lindsey,* 582 F.3d at 1175 (*quoting Spitznas v. Boone,* 464 F.3d 1213, 1215-16 (10th Cir.2006)). While a court's decision not to conduct an evidentiary hearing on a § 2255 motion "may be classified as a procedural ruling," it is not a ruling that precludes a merits determination; instead, it is "the *result* of a merits determination." *Id.* Accordingly, a motion based on the lack of an evidentiary hearing does not fall within the first category of "true" Rule 60(b) motions. As far as the second category, the Tenth Circuit stated:

> The decision not to hold an evidentiary hearing essentially is the equivalent of a dismissal for failure to state a claim or a summary judgment, because the district court has concluded that the record does not entitle the prisoner to relief; either the prisoner has failed even to allege facts on which relief could be predicated, or the record conclusively contradicts the prisoner's allegations. Thus, there could be no error in denying an evidentiary hearing unless the district court made an incorrect merits determination. It follows that, to argue that the court erred in denying an evidentiary hearing on a § 2255 motion, the prisoner generally has to be attacking the district court's analysis of the merits.

*Id.* at 1176. For that reason, such a motion does not fall within the second category either. In an effort to moderate its holding in *Lindsey*, the Tenth Circuit added "[t]his is not to say that a Rule 60(b) motion claiming an erroneous denial of an evidentiary hearing in a § 2255 or § 2254 proceeding must always receive circuit authorization to proceed. There may be some circumstances in which a request for an evidentiary

7

hearing is not a disguised attack on the merits." Still, the circumstances in *Lindsey* are analogous to those in this action, and the undersigned finds the Tenth Circuit's reasoning to be persuasive here.

When the United States Court of Appeals for the Ninth Circuit considered a similar challenge in *United States v. Washington* 653 F.3d 1057 (9th. Cir. 2011), it concluded that since "the gravamen of [the movant's] assertions go to the merits of his conviction, his Rule 60(b) motion is, in fact, a § 2255 motion in disguise." *Id.* at 1065. Relying on the Supreme Court's analysis in *Gonzalez,* 545 U.S. at 528, the Ninth Circuit reiterated the general rule that the substance of a motion will determine its treatment. According to the Court, a legitimate Rule 60(b) motion rests entirely on a "defect in the integrity of the federal habeas proceedings," such as a fraud on the habeas court, or an erroneous procedural ruling that precludes a determination of the habeas action on its merits. *Id.* at 1063 (*quoting Gonzalez,* 545 U.S. at 530). "On the other hand, if the motion presents a 'claim,' i.e., 'an asserted federal basis for relief from a ... judgment of conviction,' then it is, in substance, a new request for relief on the merits and should be treated as a disguised § 2255 motion." *Id.* The Ninth Circuit observed that a challenge to the lack of an evidentiary hearing "does not constitute an allegation of a defect in the integrity of the proceedings; rather, such arguments are merely asking 'for a second chance to have the merits determined favorably,' and are precisely the sort of attack on 'the federal court's previous resolution of a claim on the merits' ... that *Gonzalez* characterized as a 'claim' which is outside the scope of Rule 60(b)." *Id.* at 1064 (*quoting Gonzalez,* 545 U.S. at 532) (internal citations omitted).

Courts in other jurisdictions have ruled likewise, finding that when the motion leads "inextricably to a merits-based attack on the dismissal of the § 2255 motion," it is

8

not legitimately filed under Rule 60(b). *United States v. McCalister*, 453 Fed.Appx. 776, 778-79 (10th Cir. 2011); *see also Soto-Herrera* v. U.S., 2013 WL 1788499, at *3 (S.D.Ala. Apr. 26, 2013) ("[A] determination of entitlement to an evidentiary hearing would also seem to necessitate a determination of the merits of a petitioner's claims, thus rendering an attack on the former an attack on the later as well."); *Rivera v. United States,* Nos. 89 CRIM. 346(LAP), 94 Civ. 951(LAP), 2012 WL 1887133, at *2 (S.D.N.Y. May 21, 2012). Unquestionably in this case, Brooks's ultimate goal is to relitigate two grounds contained in his original habeas petition "in light of recent intervening changes in controlling law." (ECF No. 150 at 1). His criticism of the court's decision to forgo an evidentiary hearing on Ground A is so intertwined with his challenge to the correctness of the court's determination, that his motion cannot honestly be viewed as a legitimate Rule 60(b) motion. Therefore, Brooks's motion is nothing more than a successive § 2255 motion requiring advance certification by the Fourth Circuit.

Moreover, even if the court construed Brooks's "lack of an evidentiary hearing" claim to be a separate and viable Rule 60(b) motion, it would still fail on the merits. Federal Rule of Civil Procedure 60(b) provides as follows:

> **(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;

9

>(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
>(6) any other reason that justifies relief.

In order to properly bring a motion under Rule 60(b), the movant "must have a meritorious claim or defense and the opposing party must not be unfairly prejudiced by having the judgment set aside." *Aikens v. Ingram,* 652 F.3d 496, 501 (4th Cir. 2011). Moreover, the motion must be filed within "a reasonable time," which in the case of a Rule 60(b)(1) motion is "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed.R.Civ.P. 60(c)(1). Even when all of these prerequisites are met, relief under Rule 60(b) is limited to "exceptional circumstances" justifying an extraordinary remedy. *Dowell v. State Fire & Cas. Auto. Ins. Co.,* 993 F.2d 46, 48 (4th Cir.1993); *Compton v. Alton Steamship Co.,* 608 F.2d 96, 102 (4th Cir. 1979).

Here, the United States Magistrate Judge filed proposed findings of fact and recommendations for the disposition of Brooks's § 2255 motion on February 15, 2011 without conducting an evidentiary hearing. The District Judge entered an order adopting the findings and dismissing the motion on March 18, 2011, also without conducting an evidentiary hearing. Accordingly, if Brooks believed he was wrongfully denied an evidentiary hearing, he should have filed his Rule 60(b)(1) motion on that issue no later than March 17, 2012. He did not bring his motion until September 30, 2013, two and one half years after the District Court's dismissal. Thus, Brooks is unable to meet the timeliness prerequisite.

In addition, Brooks is unable to establish that he has the requisite "meritorious claim." According to Rule 8(a) of the Rules Governing Section 2255 Proceedings, whether an evidentiary hearing is conducted is a matter within the discretion of the

court. When the reviewing judge determines that "the files and records conclusively show that the prisoner is entitled to no relief, summary dismissal is appropriate." *Raines v. United States,* 423 F.2d 526, 529 (4th Cir. 1970). The Magistrate Judge reviewed the record and made such a finding in this case. Notably, Brooks did not ask the presiding District Judge for an evidentiary hearing or otherwise challenge the lack of a hearing, even though he filed objections to the Magistrate Judge's proposed findings. Equally as important, Brooks did not lodge any objection to the Magistrate Judge's conclusion that the underlying "ineffective assistance of counsel during plea negotiations claim" was without merit. Given that Brooks voluntarily abandoned Ground A without requesting an evidentiary hearing, he is hard-pressed to claim a defect in the § 2255 proceedings that would justify reopening that claim.

This conclusion is reinforced by the remaining procedural history. Brooks appealed the District Court's dismissal of his § 2255 motion, filed a Rule 60(b) motion challenging the integrity of the habeas proceedings, and appealed the subsequent denial of that motion. However, at no time during these appeals did Brooks challenge the Magistrate Judge's determination that an evidentiary hearing was unnecessary, or seek further review of Ground A on the merits.[4] "[A] Rule 60(b) motion is not intended to serve as a substitute for raising issues that could have been addressed on appeal from judgment ... If the movant could have raised the issue asserted in a Rule 60(b) motion on direct appeal but elected to forego appeal, then the Rule 60(b) motion should be denied as an inappropriate substitute for appeal." *McKinzie v. United States,* Civil Action No. 2:11–cv–00157, Criminal No. 2:95–cr–00021. 2012 WL 170890 (S.D.W.Va.

---

[4] *See* Appeal No. 11-6528 at ECF No. 7; Appeal No. 11-6738 at ECF No. 8, United States Court of Appeal for the Fourth Circuit.

11

Jan. 20, 2012) (*citing Aikens,* 652 F.3d at 501). Brooks had ample opportunity during the § 2255 proceedings to request an evidentiary hearing or challenge the Magistrate Judge's finding that a hearing was not necessary. Consequently, his current Rule 60(b) motion lacks merit.

Finally, Brooks *now* claims that "in the case at bar the defendant instructed trial counsel to attempt to negotiate a plea deal with a 10 year cap on the sentence to which counsel responded that he would do so," but allegedly counsel did not do so. In Brooks's view, when the court ruled against him on Ground A, it "assumed without conducting a hearing, that defendant was not willing to accept a fair offer from the government if one was made, and therefore, defense counsel could not be said to have acted ineffectively in not seeking to negotiate a plea offer on the defendant's behalf. Given that the court now knows that Mr. Brooks was seeking a plea offer all along, the court's March 18 conclusion cannot stand." (ECF No. 150 at 23).

However, when Brooks filed his § 2255 motion and supporting memorandum, he did not provide the court with this factual foundation. Instead, Brooks stated the factual basis of his claim to be that "counsel failed to provide the defendant with a meaningful comparison between the outcome of a conviction via a guilty plea and a conviction by trial," and that he did not receive "sufficient, accurate or reliable information with which to make an informed choice whether to plead guilty or stand trial." (ECF Nos. 97 at 4, 98 at 3). Brooks did not say anything about plea negotiations, nor did he indicate that he gave his counsel instructions regarding the terms of a plea agreement. Brooks only generically complained that by pleading not guilty and standing trial, he lost an acceptance of responsibility reduction and received an obstruction enhancement to his guideline range. Consequently, when the Magistrate Judge reviewed the habeas motion,

he addressed the claim as it was framed and logically concluded that Brooks's repeated declarations of innocence made during the pendency of his criminal case warranted the conclusion that he had not expressed any interest in entering a guilty plea. (ECF No. 120 at 14-15). As previously stated, an evidentiary hearing is not mandatory in a § 2255 action. The court determines the need for a hearing based upon the record before it. "An evidentiary hearing in open court is required when a movant presents a colorable Sixth Amendment claim showing disputed facts beyond the record or when a credibility determination is necessary in order to resolve the issue". *United States v. Ray*, ___ Fed.Appx___, 2013 WL 6354145 (4th Cir. Dec. 6, 2013) (unpublished) (citing *United States v. Witherspoon,* 231 F.3d 923, 926-27 (4th Cir. 2000)). In the present case, Brooks offered no disputed facts and no reason for credibility determinations. The Magistrate Judge properly considered Brooks's bare conclusory assertion that counsel's advice was inadequate, compared it with the record, and saw no reason for a hearing. Given the absence of specific disputed *facts*, the Magistrate Judge reasonably disposed of the claim based on the record.

## IV. Proposal and Recommendation

For the reasons set forth above, the undersigned respectfully **PROPOSES** that the District Court accept and adopt the findings proposed herein and **RECOMMENDS** that Defendant/Petitioner's *pro se* Motion for Reconsideration Pursuant to Rule 60(b)(1) and/or Rule 15(c), (ECF No. 150), be **DENIED** and that this civil action be **DISMISSED, with prejudice,** and removed from the docket of this Court.

Movant is notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Robert C. Chambers, United

13

States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Movant shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown. Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing parties, Judge Chambers and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to the Movant, the respondent, and any counsel of record.

**FILED**: December 9, 2013.

Cheryl A. Eifert
United States Magistrate Judge